OPINION
{¶ 1} Plaintiff-appellant Connie Deemer ("Connie") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Domestic Relations Division.
 {¶ 2} On September 23, 1995, Connie and defendant-appellee, Michael Deemer ("Michael"), were married. Baylee Deemer was born to the couple on August 1, 1996. On December 23, 2003, Connie filed a complaint for divorce against Michael alleging gross neglect of duty, extreme cruelty, and incompatibility. Michael filed his answer on January 8, 2004. On January 26, 2005, a hearing was held on the complaint. The trial court entered judgment on February 7, 2005, granting the divorce on the grounds on incompatibility and divided the marital assets. Connie appeals from this judgment and raises the following assignments of error.
The trial court committed reversible error, abused itsdiscretion, and its decision was against the manifest weight ofthe evidence which was prejudicial to [Connie] when the trialcourt awarded [Michael] between 86%-91% of the parties netmarital estate and awarded [Connie] between 9%-14% of the maritalestate.
 The trial court committed reversible error, abused itsdiscretion and its decision was against the manifest weight ofthe evidence which was prejudicial to [Connie] when the trialcourt found that 38.5% of [Michael's] 401k plan was deemed[Michael's] separate property.
 {¶ 3} In the first assignment of error, Connie alleges that the trial court erred in the property division of the marital assets. Marital property is defined in part as follows:
(i) All real and personal property that currently is owned byeither or both of the spouses, including, but not limited to, theretirement benefits of the spouses that was acquired by either orboth of the spouses during the marriage.
 (ii) All interest that either or both of the spouses currentlyhas in any real or personal property, including, but not limitedto, the retirement benefits of the spouses and that was acquiredby either or both of the spouses during the marriage.
 (iii) Except as otherwise provided in this section, all incomeand appreciation on separate property, due to the labor,monetary, or in-kind contribution of either or both of thespouses that occurred during the marriage.
R.C. 3105.171(A)(3)(a). The trial court is required to divide all marital property equally. R.C. 3105.171(C)(1). However, the trial court may divide property equitably if an equal division of property would be inequitable. Id. The trial court must then make written findings of fact that support the determination that the marital property was equitably divided. R.C. 3105.171(G).
 {¶ 4} In this case, the property was divided as follows. Connie received the following property and liabilities:[1]
 Marital Residence $100,000.00 First Mortgage (69,000.00) Second Mortgage (26,000.00) Honda Accord 9,150.00 Household Goods and Furnishings 2,513.00 AAA Credit Card Debt (7,433.79) Powerline Credit Debt (500.00)
__________ Approximate Net Marital Portion $8,729.21
Michael received the following property and liabilities in the division.[2]
 Value Growth Account $5,616.07 401K Plan Marital Portion 30,608.70 Household Goods and Furnishings 2,541.95 Real Estate Appraisal Debt (150.00) First Resource Debt (2,500.00) Lease on 2000 Honda CRV 5 months remaining[3] (1,347.40) AAA Credit Card Debt (5,000.00)
___________ Approximate Net Marital Portion $29,771.72
Clearly, this property division is not equal. Thus, the trial court must determine whether it is equitable. The trial court must explain why an unequal judgment is equitable in its findings of fact and conclusions of law. Pojman v. Pojman, 3rd Dist. No. 3-03-12, 2003-Ohio-6708. The judgment entry contains no findings of fact or conclusions of law which would indicate that this judgment is equitable as is required by R.C. 3105.171(G). Thus, the trial court erred in entering this judgment.
 {¶ 5} Additionally, in the first assignment of error, Connie claims that several of the trial court's valuations were not supported by the record. Although the first issue requires reversal of these judgments, the remaining issues in the assignment of error raise questions of whether the trial court's findings of facts are supported by the evidence. Thus, the issues are likely to be raised in a subsequent appeal if not addressed. In the interest of judicial economy, this court will address these issues as well.
 {¶ 6} First Connie claims that the value of the VGA account is not $5,616.07 as found by the trial court. That figure comes from a statement dated December 31, 2003. However, the marriage did not end until February 7, 2005.
"During the marriage" means whichever of the following isapplicable:
 (a) Except as provided in [R.C. 3105.171(A)(2)(b)], the periodof time from the date of the marriage through the date of thefinal hearing in an action for divorce or in an action for legalseparation.
 (b) If the court determines that the use of either or both ofthe dates specified in [R.C. 3105.171(A)(2)(a)] would beinequitable, the court may select dates that it considersequitable in determining marital property. If the court selectsdates that it considers equitable in determining maritalproperty, "during the marriage" means the period of time betweenthose dates selected and specified by the court. R.C.3105.171(A)(2). At the January 26, 2005, hearing, Michael testified that an additional $1,300.00 plus interest was in the VGA account as of December 31, 2004. The trial court did not specify that it was using any date other than that of the final hearing. Thus, the trial court erred in determining that the marital value of the VGA account was $5,616.07 and not including the additional $1,300.00 added during the marriage.
 {¶ 7} Connie also claims that the trial court erred in finding that the value of the Honda Accord EX was $9,150.00. At trial, no valuation of the vehicle was given. However, both sides submitted valuations prior to trial. On her Schedule III property worksheet, Connie listed the value of the vehicle as $8,000.00. Michael listed the value of the vehicle as $10,000.00 on his Schedule III property worksheet. No supporting documentation was provided by either. In Connie's pretrial statement, she again listed the value of the vehicle at $8,000.00. Michael filed his pretrial statement listing the value at $6,550.00 and attached a valuation from Kelley's Blue Book for a 1999 Honda Accord DX Sedan. On February 17, 2004, Michael filed an addendum to his pretrial statement listing the value of the vehicle as $9,150.00. As support for this value, Michael attached a valuation from Kelley's Blue Book for a 1999 Honda Accord EX Coupe 2D. Although this is not the exact vehicle owned by the parties, it is the closest supported valuation. Connie did not present any evidence that this was not the correct valuation beyond her unsupported pretrial statement that the appropriate value was $8,000. Thus, the trial court could reasonably find that the value of the vehicle was $9,150.00. The first assignment of error is sustained in part and overruled in part.
 {¶ 8} The second assignment of error alleges that the trial court erred in determining that only 61.5% of the 401K was marital. Connie claims that since Michael did not present any evidence as to the value of the 401K prior to the marriage and since they had borrowed from the 401K during the marriage, it is all marital. However, the testimony of Michael was that he was had contributed to the 401K from July 1989 until the present. No evidence was presented contradicting this testimony. The parties were married on September 23, 1995. The value of the 401K as of September 30, 2004, was set at $49,739.14.[4] The trial court's determination as to the marital portion was just a mathematical determination of the percentage of months of contributions during the marriage versus the percentage of months prior to the marriage. Absent more detailed evidence from which to make the determination, this is not an abuse of discretion. Thus, the trial court did not err in determining that only 61% of the 401K was marital. The second assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Marion County, Domestic Relations Division is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment Affirmed in Part and Reversed in Part.
 Bryant, P.J. and Shaw, J., concur.
[1] Connie also received the debt for the unemployment overpayment of $3,701.00 to the Department of Job and Family Services. This debt is not considered because the testimony indicated that it need not be paid. The debt only will serve to prevent future unemployment benefits until the prior overpayment is recouped. Additionally, Connie was assigned her medical bills. These occurred post separation and were deemed to be separate debt. Thus, they will not be included in the calculation.
[2] The 401K has a loan on it and repayment was assigned to Michael. However, since the current value, which already includes the value of the loan, was used, the loan may not be considered as it would further reduce the overall value of the 401K.
[3] The trial court found that the lease had 24 months remaining. However, the testimony was that the lease expired on June 20, 2005, approximately five months after the hearing date.
[4] No testimony was given as to any additional amounts added to the account from September 30, 2004, until the hearing date of January 26, 2005.